**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED AUG 1 4 2015 CLERK & BOARD OF SUPERVISORS

*FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)*

ENDORSED FILED ALAMEDA COUNTY JUL 24 2015 CLERK OF THE SUPERIOR COURT By _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The County of Alameda, a municipal corporation, Sheriff Gregory J. Ahern, individually and in his official capacity as Sheriff of the County of Alameda, and Does 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jennifer Arnold

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* RG15779174

Alameda County Superior Court
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Nathaniel M. Leeds - 150 Post Street, Suite 600, San Francisco, CA 94108 - Telephone: (415) 848-0300

DATE: JUL 24 2015 Leah T. Wilson Clerk, by _____, Deputy
*(Fecha) (Secretario) (Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The County of Alameda, a municipal corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

R. Boone Callaway (#126664)
Nathaniel M. Leeds (#246138)
**CALLAWAY & WOLF**
150 Post Street, Suite 600
San Francisco, CA 94108
Telephone: (415) 541-0300
Facsimile: (415) 777-6262

Attorneys for Plaintiff Jennifer Arnold

ENDORSED
FILED
ALAMEDA COUNTY

JUL 24 2015

CLERK OF THE SUPERIOR COURT
By _____ Deputy

IN THE SUPERIOR COURT OF UNLIMITED JURISDICTION

OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA

Jennifer Arnold,

    Plaintiff,

vs.

The County of Alameda, a municipal corporation,
Sheriff Gregory J. Ahern, individually and in his official capacity as Sheriff of the County of Alameda, and
Does 1 through 25, inclusive,

    Defendants.

CASE: RG15779174

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**
"Amount demanded exceeds $25,000"

1. **VIOLATION OF 42 USC § 1983: FOURTEENTH AMENDMENT**

2. **VIOLATION OF 42 USC § 1983: SUPERVISOR LIABILITY**

3. **VIOLATION OF 42 USC § 1983: MUNICIPAL LIABILITY**

4. **NEGLIGENCE**

and

**DEMAND FOR JURY TRIAL**

Plaintiff Jennifer Arnold complains and alleges generally against defendants The County of Alameda (hereinafter "The County"), Sheriff Gregory J. Ahern, and Does 1 through 25, inclusive (hereinafter "Defendants").

## INTRODUCTION

1.  This action arises out of injuries sustained by plaintiff Jennifer Arnold, a Registered Nurse, when, on September 7, 2014, Elias Michael Diamond (hereinafter

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

1

1. "Diamond"), a dangerous, psychotic, unstable criminal defendant, was transferred from Santa Rita Jail by Defendants to Plaintiff's place of employment, Valley Care Medical Center, to receive medical treatment, and was subsequently left unguarded and unattended by Defendants in the medical ward where Plaintiff was working, whereupon Diamond attacked Plaintiff causing physical injuries and emotional distress.

2. This action is brought pursuant to 42 USC §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and California statutory and common law.

3. The entirety of this Complaint is pled upon information and belief, and each allegation contained herein is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## PARTIES AND JURISDICTION

4. The unlawful acts and practices alleged herein occurred in Alameda County, California.

5. Plaintiff is, and at all times relevant to this Complaint was, a resident of Alameda County, California.

6. Defendant The County of Alameda is a public entity established by the laws of the Constitution of the State of California, and owns, operates, manages, directs, and controls the Alameda County Sheriff's department, also a public entity, which employs the other defendants in this action.

7. Defendant Sheriff Gregory J. Ahern was employed by The County as Sheriff for The County. He is being sued individually and in his official capacity as Sheriff for The County.

8. The true names and capacities, whether individual, corporate, partnership, joint venture, or otherwise of defendants Does 1 through 25, inclusive, are unknown to Plaintiff who therefore sues those Doe defendants by such fictitious names.

9. Each of the defendants named herein as a Doe are legally responsible in some manner for the events and happenings referred to herein, and proximately and legally caused injuries and damages to Plaintiff as alleged herein. Plaintiff will amend this Complaint to show

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

the true names and capacities of the Doe defendants when they have been ascertained.

10. Plaintiff is informed and believes that at all times herein mentioned, certain of the Does defendants are the successors in interest to each of the remaining defendants, and on that basis, are liable for any act, or omission of said defendants alleged herein.

11. At all times mentioned herein, Defendants, and each of them, were the agents and/or employees of the remaining defendants, and were at all times acting within the course and scope of said agency and employment.

12. The acts and omissions of all defendants as set forth herein were at all material times pursuant to the actual customs, policies, practice and procedures of the Alameda County Sheriff's Department, and/or The County.

13. By engaging in the conduct described herein, Defendants acted under the color of law, and in the course and scope of their employment with The County. By engaging in the conduct described herein, Defendants exceeded the authority vested in them under the United States and California Constitutions, and as peace officers employed by The County.

14. Plaintiff timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

15. Venue in this jurisdiction is proper under Code of Civil Procedure §§ 393 and 394, in that Alameda is the county in which this cause of action arose and The County is a defendant.

## GENERAL FACTUAL ALLEGATIONS

16. In November 2004, Diamond was arrested on suspicion of strangling and killing his roommate in a psychiatric home in which they both lived.

17. On August 29, 2014, Diamond was arrested in San Leandro, California, for indecent exposure, and taken into custody. At the time of his arrest, Diamond was dressed in a bikini.

18. On September 2, 2014, Diamond was charged with violating Penal Code section 314.1 (Alameda County Case Docket No. 458895), and remained in custody in Santa Rita Jail. Santa Rita Jail is a facility owned by The County, and operated by Defendants.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

3

19. At some point between September 2nd and September 7th, Defendants became aware that Diamond required medical treatment, and transported him from Santa Rita Jail to Valley Care Medical Center, in Pleasanton, California.

20. Under California Penal Code section 4011, when a "prisoner confined in any city or county jail . . . requires medical or surgical treatment necessitating hospitalization . . . it shall be the duty of the sheriff or other official in charge of the county correctional facilities to maintain the necessary guards . . . for the safekeeping of such prisoner, the expense of which shall be a charge against the county." This statute comports with the general custom and practice of sheriff's departments.

21. Failure to provide guards to prisoners seeking medical attention creates a danger to medical staff and the public.

22. At some point in the evening of September 7th, morning of September 8th, Diamond was transferred to the floor of Valley Care Medical Center where Plaintiff was working. After the transfer, Defendants failed to warn medical staff that Diamond was under their custody, and mentally unstable, thereby depriving medical staff of the ability to take necessary precautions against being left alone with him. Defendants further failed to guard Diamond in the event that he were to become violent or attempt to use physical force to escape custody. Defendants further failed to remain close at hand in the event that Diamond attempt an escape or became uncontrollable.

23. After Diamond had been transferred to the floor on which Plaintiff was working, Plaintiff came upon Diamond wandering outside of his room. Diamond appeared disoriented and was only partially clothed. Unaware of Diamond's violent propensities, Plaintiff escorted Diamond back to his room as was the custom and practice with any patient found outside of their room.

24. Upon entering his room, Diamond attacked Plaintiff, began to strangle her, and attempted to force oral copulation.

25. In the struggle that ensued, Plaintiff suffered physical injuries and emotional distress, as well as other damages in an amount to be proven at trial.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

26. Defendants' conduct herein, including but not limited to their failure to adequately guard Diamond for the protection of medical staff, contrary to generally accepted reasonable jail and inmate-medical procedures and standards, failed to comply with appropriate standards of care, manifested a deliberate indifference to Plaintiff's rights to not be placed in physical peril.

27. As a direct and proximate result of each of Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others, and seeks compensation as follows:

   a. For physical injury and emotional distress;
   b. For medical and other expenses;
   c. For wage loss;
   d. For a violation of constitutional rights;
   e. And, all damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under the California and United States codes, and common law.

## COUNT ONE

## 42 USC § 1983 – FOURTEENTH AMENDMENT

## AGAINST ALL DEFENDANTS

28. Plaintiff incorporates by reference paragraphs 1 to 27 above, as though fully set forth here.

29. Defendants, and each of them, acting under the color of state law in their individual and personal capacities, deprived Plaintiff of the rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, to not be deprived of liberty without due process of law, by affirmatively placing her, or through their deliberate indifference allowing others to affirmatively place her, in peril, leading to her being attacked by Diamond.

30. At all times relevant to this Complaint, Diamond was in Defendants' custody.

31. Defendants knew, or should have known, that there was substantial risk that Diamond would cause physical harm to those around him.

32. Defendants affirmatively placed Diamond, or through their deliberate indifference

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

5

allowed others to affirmatively place Diamond, in Plaintiff's place of employment.

33. Defendants, and each of them, knew, or should have known, that it was necessary to guard a person in custody, such as Diamond, when in a non-custodial environment, such as Plaintiff's place of employment, and that they further had a duty to do so, yet Defendants deliberately failed to provide the necessary guarding, or to warn Plaintiff or other persons that Diamond was in custody and/or may be dangerous.

34. As a result of Defendants' deliberate indifference and/or callous disregard for Plaintiff's safety and the peril that they had exposed her to, Plaintiff suffered physical injury, pain, emotional distress and deprivation of her constitutional rights in an amount not yet ascertained but to be proven.

35. By the actions and omissions described above, Defendants violated 42 USC § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution: Plaintiff's liberty interest in not having state actors affirmatively expose her to a significant risk of physical harm without due process.

36. Defendants subjected Plaintiff to their wrongful conduct, depriving her of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

37. Under 42 USC §§ 1983 and 1988, Plaintiff is entitled to reasonable compensation for damages proximately caused by Defendants' conduct as well as reasonable costs and attorney fees under.

## COUNT TWO

### 42 USC § 1983 - FOURTEENTH AMENDMENT -- SUPERVISORY LIABILITY
### AGAINST SHERIFF GREGORY J. AHERN AND DOES 1 through 25

38. Plaintiff incorporates by reference paragraphs 1 to 37 above, as though fully set forth here.

39. On or before September 7, 2014, Defendant Sheriff Gregory J. Ahern and Does 1 through 25, failed to properly train, assign, supervise, and guide their staff and personnel at the

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Santa Rita Jail and within the Alameda County Sheriff's Department, to take necessary measures to guard in-custody persons seeking medical treatment in a non-custodial environment, such as Plaintiff's place of employment.

40. On September 7, 2014, and for some time prior thereto and since that time, defendants Sheriff Gregory J. Ahern and Does 1 through 25, inclusive, either participated in, knew of, or must have known of their inadequate policies, procedures and training of their subordinates and those subordinates' deliberate indifference in failing to take necessary measures to guard in-custody persons seeking medical treatment in a non-custodial environment, such as Plaintiff's place of employment.

41. Furthermore, on or before September 7, 2014, and for some time prior thereto and since that time, defendants Sheriff Gregory J. Ahern and Does 1 through 25, inclusive, failed to properly supervise the guarding of in-custody persons when seeking medical treatment in a non-custodial environment, such as Plaintiff's place of employment, and operated without adequate safeguards, audits, or reporting requirements reviewable by supervisors.

42. Additionally, as policy-making officials for The County and Does 1 through 25, defendants Sheriff Gregory J. Ahern and Does 1 through 25, inclusive, were responsible for those municipal defendants' unconstitutional customs, policies, practices, and procedures, and failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, manage, and discipline said defendants, and ratified the misconduct and constitutional violations as described above.

43. Said acts and omissions, customs and practices by defendants Sheriff Gregory J. Ahern and Does 1 through 25, inclusive, set in motion a series of acts by their subordinates that they knew or must have known would cause the subordinates to deprive Plaintiff of her rights, as alleged above.

44. As a direct and proximate result of the actions, omissions, and practices of defendants Sheriff Gregory J. Ahern and Does 1 through 25, inclusive, Plaintiff sustained personal injuries, and is entitled to damages, penalties, costs and attorney fees.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

## COUNT THREE

### 42 USC § 1983 - FOURTEENTH AMENDMENT – MUNICIPAL LIABILITY
### AGAINST DEFENDANT THE COUNTY OF ALAMEDA

45. Plaintiff incorporates by reference paragraphs 1 to 44 above, as though fully set forth here.

46. Defendants Does 1 through 25 were responsible for guarding Diamond while he was seeking medical treatment at Valley Care Medical Center. They were fully aware that Diamond should be guarded, but Defendants acted in conformity with The County's customs, policies and practices in failing to properly guard in-custody persons seeking medical treatment in a non-custodial environment, such as Plaintiff's place of employment.

47. The County, through its administrators and policy makers, including Sheriff Gregory J. Ahern, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, manage, and discipline Does 1 through 25, inclusive, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

48. The unconstitutional actions and/or omissions of defendants Does 1 through 25, inclusive, were pursuant to the customs, policies, practices, and/or procedures, stated in the alternative, which were directed, encouraged, allowed, approved, tolerated, and/or ratified by policy making officers for The County, including defendant Sheriff Gregory J. Ahern.

49. The aforementioned customs, polices, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of The County, were the proximate cause of the deprivation of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC § 1983.

50. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of The County, Plaintiff sustained personal injuries, and is entitled to damages, penalties, costs and attorney fees.

---

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

# COUNT FOUR
## NEGLIGENCE
### AGAINST ALL DEFENDANTS

51. Plaintiff incorporates by reference paragraphs 1 to 50 above, as though fully set forth here.

52. At all times mentioned herein, Defendants, and each of them, owed Plaintiff a duty to act with reasonable care and skill in the execution and enforcement of their duties pursuant to California Government Code Sections 820 and 844.6(d), and California Civil Code Sections 1708 and 1714(a), and may be held liable for any harm proximately caused by their failure to exercise such reasonable care and skill.

53. Defendants, and each of them, breached this duty by failing to guard Diamond while he was at Valley Care Medical Center, prior to and leading up to the time when he attacked Plaintiff.

54. As a direct and proximate result of the individual defendants' negligence, Plaintiff sustained personal injuries, and is entitled to damages, penalties, costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For compensatory damages in an amount according to proof and which is fair, just and reasonable;

b. For all damages, penalties, costs, interest and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. § 1021.5, and as otherwise may be allowed by California and/or federal law.

c. For such other and further relief as this Court may deem appropriate.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action set forth in this Complaint.

Dated: 7/23/15

CALLAWAY & WOLF

By: _____
Nathaniel M. Leeds
Attorneys for Plaintiff

---

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

10



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/courts/adr.shtml

## What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

* *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – <u>S</u>ervices that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | |
| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:              Time:              Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation      ☐ Judicial arbitration
   ☐ Private mediation     ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____      ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PLAINTIFF)

Date:

_____      ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

| ATTACHMENT – 1 | | ALA ADR-001 |
|---|---|---|
| PLAINTIFF/PETITIONER: | | CASE NUMBER.: |
| DEFENDANT/RESPONDENT: | | |

Date:

_____  ▷  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____  ▷  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Provisionally Approved for Mandatory Use
ALA ADR-001[NewFebruary, 2009]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

(Cal. Rules of Court, rule 3.221(a)(4).)

Callaway & Wolf
Attn: Leeds, Nathaniel M.
150 Post Street, Suite# 600
San Francisco, CA 94108

## Superior Court of California, County of Alameda

| The County of Alameda et. al. | No. RG15779174 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER |
| Arnold | Unlimited Jurisdiction |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/11/2015 Time: 02:00 PM | Department: 20 Location: Administration Building Fourth Floor 1221 Oak Street, Oakland CA 94612 | Judge: Robert B. Freedman Clerk: Reshma Mishra Clerk telephone: (510) 267-6936 E-mail: Dept.20@alameda.courts.ca.gov |
|---|---|---|
| | Internet: www.alameda.courts.ca.gov | Fax: (510) 267-1576 |

### ORDERS

1. Plaintiff must:

   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. Give notice of this conference to all other parties and file proof of service.

2. Defendant must respond as stated on the summons.

3. All parties who have appeared before the date of the conference must:

   a. Meet and confer, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. File and serve a completed *Case Management Statement* on Form CM-110 at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. Post jury fees as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to www.alameda.courts.ca.gov/ff.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at www.alameda.courts.ca.gov/dc.

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER

Page 1 of 2

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/07/2015.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG15779174
Case Title: The County of Alameda et. al. VS Arnold
Date of Filing: 07/24/2015

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Robert B. Freedman |
| Department: | 20 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland CA 94612 |
| Phone Number: | (510) 267-6936 |
| Fax Number: | (510) 267-1576 |
| Email Address: | Dept.20@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612 or the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Robert B. Freedman
DEPARTMENT 20

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Email is the preferred method of communicating with court staff in Department 20, particularly for scheduling of law and motion, ex parte application, and case management events. Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by California Rule of Court 2.111(1) is critical. Paper courtesy copies of all documents filed in connection with law & motion matters must be delivered directly to Department 20 as close to the time of filing as practicable.

## Schedule for Department 20

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Case Management Conferences are held: Thursdays beginning at 2:00 p.m. and Fridays beginning at 10:00 a.m., 11:00 a.m. and 2:00 p.m.
- Law and Motion matters are heard: Thursdays beginning at 2:00 p.m. and Fridays beginning at 10:00 a.m., 11:00 a.m. and 2:00 p.m. (Reservations required)
- Settlement Conferences are heard: Set on Case Specific Basis
- Ex Parte matters are heard: 10:00 a.m. Monday - Friday when the Court is not in trial, and at 9:00 a.m. Monday - Friday when the Court is in trial. (Reservations required)

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email: Dept.20@alameda.courts.ca.gov

- Ex Parte Matters
  Email: Dept.20@alameda.courts.ca.gov

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 20
- Phone: 1-866-223-2244

Dated: 08/06/2015

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/07/2015

By _____
Deputy Clerk